IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANTOS RAMOS RODRIGUEZ,  Plaintiff | C.A. 12-114 Erie |
| v. | Magistrate Judge Baxter |
| DEPARTMENT OF CORRECTIONS, et al.,  Defendants. | |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

## I. INTRODUCTION

### A. Relevant Procedural and Factual History

On December 7, 2011, Plaintiff Santos Ramos Rodriguez, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed a *pro se* petition for writ of habeas corpus and writ of mandamus, as well as a civil rights claim pursuant to 42 U.S.C. § 1983, in the United States District Court for the Middle District of Pennsylvania, at docket no. 1:11-cv-2267. [ECF No. 1]. Named as Respondents/Defendants were: Department of Corrections ("DOC"); Judge John H. Chronister ("Judge Chronister"); Judge John S. Kennedy ("Judge Kennedy"); Seamus D. Dubbs, a York County Assistant District Attorney ("Dubbs"); Christopher Keppel, a Pennsylvania State Trooper ("Keppel"); Dan O'Shell, a York County Clerk of Court ("O'Shell"); Judith Vigleone, a DOC Director of Records ("Vigleone"); The Erie County Court of Common Pleas; Jack Daneri, Erie County District Attorney; Cheryl

---

[1] The parties have consented to the United States Magistrate's exercise of jurisdiction over this matter. (ECF Nos. 13, 17).

Gill, a Records Supervisor at SCI-Albion ("Gill"); Sandra Gorniak, an Accountant at SCI-Albion ("Gorniak"); Raymond Sobina, former Superintendent at SCI-Albion ("Sobina"); Michael W. Harlow, current Superintendent at SCI-Albion ("Harlow"); Court of Common Pleas of York County; Commonwealth of Pennsylvania ("Commonwealth"); Erie County Regional Contract Jail Albion; and PA State Attorney General.

On March 1, 2012, Plaintiff filed another *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Pennsylvania at docket no. 1:12-cv-393. Named as Defendants in that case were: Judge Chronister, Judge Kennedy, O'Shell, Keppel, Vigleone, Harlow, Gill, Gorniak, Dubbs, Commonwealth, and York County District Attorney Neiderhiser.

On May 7, 2012, District Judge William W. Caldwell of the U.S. Middle District Court issued an Order at docket no. 1:11-cv-2267 denying Plaintiff's petitions for writ of habeas corpus and writ of mandamus, and dismissing all of Plaintiff's civil rights claims, except his Fourteenth Amendment due process claim challenging the deduction of certain funds from Plaintiff's inmate account at SCI-Albion, which is brought against Defendants DOC, Vigleone, Gill, Gorniak, Sobina, and Harlow. All other Defendants/Respondents were dismissed from the case pursuant to Judge Caldwell's Order of May 7, 2012, and the case was transferred to this Court for disposition of the remaining due process claim. [ECF No. 10]. The case was received by this Court on May 9, 2012, and was docketed at 1:12-cv-114 Erie.

On June 5, 2012, Judge Caldwell issued an Order at docket no. 1:12-cv-393 dismissing all of Plaintiff's civil rights claims, except Plaintiff's Fourteenth Amendment due process claim challenging the deduction of certain funds from his inmate account at SCI-Albion, which is brought against Defendants Vigleone, Harlow, Gill, and Gorniak. All other Defendants were dismissed from the case pursuant to Judge Caldwell's Order of June 5, 2012, and the case was transferred to this Court for disposition of the remaining due process claim. That case was received by this Court on June 7, 2012, and was docketed at 1:12-cv-129 Erie.

Because the remaining due process claims in both cases are identical and are brought against essentially the same Defendants, this Court granted Defendants' motion to consolidate Plaintiff's cases at the above-captioned case number – 1:12-cv-114 Erie. [See ECF No. 24 and related Text Order dated October 11, 2012]. The Defendants remaining in the consolidated case are DOC, Vigleone, Gill, Gorniak, Sobina, and Harlow. The operative facts underlying Plaintiff's due process claim are easily summarized.

In August 2006, Plaintiff was convicted and sentenced to a term of imprisonment of 30 to 60 years and a fine of $ 190,000.00. (ECF No. 8 at p. 2). Plaintiff alleges that he was given credit for full payment of the fine from cash that was seized in connection with his arrest. Nonetheless, the DOC has been deducting money from his inmate account at SCI-Albion since December 2006 to pay toward the $190,000.00 fine. Plaintiff claims that the deduction of funds from his inmate account to pay toward a fine that he alleges has already been paid is a violation of his due process rights.

Defendants have filed a motion to dismiss Plaintiff's complaint [ECF No. 22], asserting that Plaintiff has failed to state a claim upon which relief may be granted. Despite having been given ample time to file a response to Defendants' motion, Plaintiff has failed to do so. This matter is now ripe for consideration.

### B. Standard of Review
#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355

U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great

4

Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion
#### 1. DOC

Defendants move to dismiss the DOC because it is not an appropriate party in a civil rights action. In fact, the DOC is an agency of the Commonwealth of Pennsylvania, 71 Pa.C.S. § 310-1, and is not amenable to suit under 42 U.S.C. § 1983 because it is not a "person" for purposes of that statute. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Curtis v. Everett, 489 F.2d 516, 521 (3d Cir. 1973); Fears v. Pennsylvania Dept. of Corrections, 2010 WL 2038137, at *3 (W.D.Pa. May 4, 2010). Thus, Plaintiff's claim against the DOC will be

dismissed and the DOC will be terminated from this case.

### 2.     Due Process Claim

Plaintiff is challenging Defendants' continuing deductions from his inmate account pursuant to Act 84, 42 Pa.C.S. § 9728(b)(5). It is well-settled that an inmate has a property interest in his inmate account and, thus, the inmate is entitled to due process with respect to any deprivation of money in the account. Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 421 (3d Cir. 2000). Nonetheless, Defendants argue that Plaintiff's due process claim must fail because his sentencing hearing satisfied all the requirements of due process.

Defendants' contention is based upon the Pennsylvania Supreme Court's decision in Buck v. Beard, 583 Pa. 431, 879 A.2d 157 (Pa. 2005), wherein the Court held that an inmate had sufficient notice and opportunity to be heard at the sentencing hearing at which the trial court imposed the fine at issue. In particular, the Buck court observed the following:

> After the [sentencing] hearing, where the court was statutorily required
> to consider his ability to pay, it sentenced [plaintiff] to serve a sentence and
> pay a fine of $10,000. With respect to the due process claim, it is
> significant that Section 9728(b)(5) became effective two years prior to the
> imposition of [plaintiff's] sentence. Therefore, at the time of his sentencing he
> was on notice of the Department's statutory authority to deduct funds from
> his account. At his sentencing hearing, he had the opportunity to present evidence
> to persuade the court not to impose fines, costs, and restitution. He also had a
> right to file an appeal from that portion of the sentence. Having been convicted
> after the relevant provisions of Section 9728 came into effect, [plaintiff] had
> notice and an opportunity to be heard at his sentencing hearing. The Department
> has simply carried out the lawful order of the sentencing court by establishing and
> following reasonable guidelines pursuant to Section 9728(b)(5).

Buck, 879 A.2d at 160 (footnote omitted). Like the plaintiff in Buck, Plaintiff was sentenced

6

after the effective date of Section 9728(b)(5).[2] Thus, Defendants argue that he was on notice and had the opportunity to present evidence to persuade the trial court not to impose fines, costs, and restitution, and that this is all the due process to which he was entitled.

In Montanez v. Beard, 344 Fed.Appx. 833 (3d Cir. 2009), however, the Third Circuit Court refused to consider the Buck decision dispositive in all cases involving the DOC's deduction of funds from inmate accounts to pay court-ordered fines. Rather, the Third Circuit opined that:

> Although it is certainly possible that a sentence could be imposed in a manner that is sufficiently flexible and informative to satisfy a defendant's due process rights regarding any future debits from his/her inmate account, we are unable to conclude that the notice provided to either [appellant] was constitutionally adequate….

\*      \*      \*

> Given that this arrives before us as an appeal of 12(b)(6) dismissal, we, of course, are limited to the allegations of the complaint. We can not, for example, determine whether inmates receive a copy of the court's subsequent order directing DOC to deduct funds from inmate accounts, nor can we determine if existing grievance procedures afford inmates sufficient opportunity to respond to the order before DOC begins withholding funds from inmate accounts. However, if DOC policy ensures that both administrative actions take place prior to deducting any monies from inmate accounts, then current DOC procedure may be adequate to address the [appellants'] Fourteenth Amendment concerns….

\*      \*      \*

> Absent this basic knowledge of current administrative procedures, we are limited in our effort to assess the adequacy of procedural due process under Act 84. It is therefore necessary to allow this matter to proceed in accordance with the

---

[2] Section 4 of Act 84, which added subsections (b)(3) and (b)(5) to Section 9728, was enacted June 18, 1998 and became effective 120 days later. Buck, 879 A,2d at 158 n.2. Plaintiff was sentenced August 21, 2006.

> guidance provided above so that these questions, and any other issues pertinent to our inquiry that may arise, can be clarified.

Montanez, 344 Fed.Appx. at 835-837.

For the same reasons outlined by the Third Circuit Court, above, this Court will deny Defendant's motion to dismiss Plaintiff's due process claim based upon the Buck decision.

### 3. Statute of Limitations

Finally, Defendants argue that Plaintiff's due process claim is barred by the applicable statute of limitations and should be dismissed accordingly.

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

Here, Plaintiff's original petition/complaint was filed on December 7, 2011; however, the complaint was apparently signed by Plaintiff on December 2, 2011. (See ECF No. 1, Complaint). Thus, for purposes of applying the statute of limitations, this Court will treat December 2, 2011,

as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998) (in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim concerning an injury of which Plaintiff "knew or should have known" prior to December 2, 2009, is barred by the statute of limitations.

The Third Circuit Court of Appeals has determined that the statute of limitations for a claim against prison officials challenging deductions from an inmate's prison account pursuant to Act 84 accrues as of the date of the first deduction. Greer v. Duguglielmo, 348 Fed.Appx. 702, 704 (3d Cir. 2009). In this case, Plaintiff alleges that he first became aware of the DOC's deduction of funds from his inmate account on or about December 20, 2006 (See ECF No. 1, Complaint, at ¶ 8), nearly five years prior to the filing of his petition/complaint and well beyond the reach of the two-year statute of limitations. Moreover, the Third Circuit has determined that the continuing violation exception to the statute of limitations does not apply to cases involving Act 84 deductions from inmate accounts. Greer 348 Fed.Appx. at 704, citing Cowell v. Palmer Twp., 263 F.3d 286, 292-293 (3d Cir. 2001). Thus, Plaintiff's due process is clearly out of time and will be dismissed on this basis.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| SANTOS RAMOS RODRIGUEZ, | ) | |
|---|---|---|
| Plaintiff | ) | C.A. No. 12-114 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants | ) | |

## **ORDER**

AND NOW, this 25<u>th</u> day of January, 2013,

IT IS HEREBY ORDERED that Defendants' motion to dismiss complaint [ECF No. 22] is GRANTED, and this case is dismissed.

The Clerk is hereby directed to mark this case closed.

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge